## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTH DISTIRCT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JENNIFER DUMONT, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| DTOX JUICE, LLC, | ) | |
| MARY SHANNON | ) | |
| SALTER SLIGER, | ) | |
| | ) | JURY TRIAL REQUESTED |
| DEFENDANTS. | ) | |
| _____ | ) | |

## COMPLAINT

NOW COMES Plaintiff, Jennifer Dumont, and hereby files this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA"), seeking payment for unpaid wages, overtime wages, liquidated damages, actual damages, and compensatory damages, for Defendant's violation of the FLSA.  Plaintiff further seeks an award of reasonable attorneys' fees, costs and interest pursuant to 29 U.S.C. §216(b).  Plaintiff states the following as her Complaint in this matter:

## I.    JURISDICTION AND VENUE

1.

Jurisdiction is conferred upon this Court by 29 U.S.C. §§216(b), 215(a)(3) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under the

laws of the United States, and by 28 U.S.C. §1337, this action arising under an act of Congress regulating commerce.

2.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

3.

Based upon Plaintiff's information and belief, Defendant, Dtox Juice, LLC, is a domestic Limited Liability Corporation registered in the State of Georgia, with a principal place of business of 872 Argonne Ave NE, Atlanta, Georgia 30309.

4.

Based upon Plaintiff's information and belief, Defendant, Mary Shannon Salter Sliger, is a resident of Fulton County, Georgia.

5.

Service of process for Dtox Juice, LLC can be effectuated through its registered agent Mary Shannon Salter Sliger, at 872 Argonne Ave NE, Atlanta, Georgia 30309.

6.

The cause of action set forth in this Complaint arose within this jurisdiction.

## II.    PARTIES

7.

The Plaintiff, Jennifer Dumont, is an adult resident citizen of Fulton County,

Georgia.

8.

At all times relevant to this Complaint, Plaintiff was a "covered employee" as defined by 29 U.S.C. §203(e)(1).

9.

At all times relevant, Defendants employed the Plaintiff to perform labor for their benefit in this District, and Defendants made employment and compensation related decisions regarding the Plaintiff.

10.

At all times relevant hereto, Plaintiff suffered and/or was permitted to work for the benefit of the Defendants.

11.

Defendant, Dtox Juice, LLC, lists its principal office address as 872 Argonne Ave NE, Atlanta, Georgia 30309.  Upon information and belief, Defendant is a domestic Limited Liability Corporation conducting business within the State of Georgia and within this district.

12.

Mary Shannon Salter Sliger is an adult resident citizen of Fulton County, Georgia, and is a person who acted directly or indirectly in the interest of an employer in relation to the Plaintiff as defined by 29 U.S.C. §203(d), by making

employment and compensation related decisions for the Plaintiff.

13.

Defendants are engaged in interstate commerce for purposes of the FLSA.

14.

Upon information and belief, Defendants' gross sales are in excess of $500,000 per year.

15.

Defendants directed Plaintiff to individually engage in interstate commerce.

16.

Plaintiff, as part of her job duties, regularly engage in interstate commerce.

17.

Defendants are employers within the meaning of 29 U.S.C. §203(d) and are not exempt from the FLSA.

## III.   FACTUAL ALLEGATIONS

18.

Plaintiff, Jennifer Dumont, is an adult resident of the State of Georgia. Plaintiff was employed by Defendants from in or around April, 2012 to June 6, 2013.

19.

Plaintiff was employed by Defendant as an assistant manager.

20.

Plaintiff was classified as a non-exempt employee and was compensated on an hourly basis by the Defendants.  As an hourly employee, Plaintiff was entitled to full pay for each hour worked and overtime for any time worked over forty (40) hours per week.

21.

Plaintiff was employed in a position that involved interstate commerce as defined by the FLSA and/or employed in an enterprise engaged in interstate commerce.

22.

Upon information and belief, Defendants classified Plaintiff as hourly nonexempt employee, compensating her on an hourly basis.

23.

Plaintiff was compensated at an hourly rate of $13.50 with overtime rate of $20.25, and paid Plaintiff on a weekly basis.

24.

Defendant structured its workweek from Friday to Thursday, and required Plaintiff to submit weekly hours by close of business on Thursday.

25.

Plaintiff routinely worked in excess of forty (40) hours per week, and

submitted this time to Defendants for compensation.

26.

Plaintiff submitted her hours to the Defendants for compensation; however, the Defendants failed to pay Plaintiff the overtime premium, electing to pay her only the straight time or failing to compensate her fully for all hours worked.

27.

During the tenure of Plaintiff's employment, Plaintiff complained to the Defendants and raised issues regarding her overtime to the Defendants during the course of her employment.

28.

Plaintiff's complaint regarding the failure to pay overtime to her employer constituted protective activity pursuant to the FLSA.

29.

Plaintiff complained directly to her manager that she was not being compensated properly.  On that very same day, and instead of being provided with corrective action or an explanation, Plaintiff was terminated in retaliation for making an oral complaint regarding her wages in violation of the FLSA.

30.

During Plaintiff's employment with the Defendants as an hourly employee,

Defendants willfully and knowingly failed to fully compensate Plaintiff for all overtime hours worked.

31.

Defendants knowingly and willfully failed to compensate Plaintiff by paying only straight time for hours worked in excess of forty (40) hours.

32.

Defendants have willfully failed to comply with the overtime provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiff at the premium overtime rate for each hour over forty (40) hours she worked per week.

33.

Defendants have willfully failed to comply with the minimum wage provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiff for all hours worked.

34.

Defendants failed to properly post the Department of Labor wage and hour notices in conspicuous places as required by 29 C.F.R. §516.4.

35.

Defendants knowingly, intentionally, willfully and recklessly failed to pay the Plaintiff in conformity with the requirements of the FLSA.

36.

This action is brought to recover unpaid compensation, in the form of wages, for Plaintiff, an hourly employee, who performed work involving interstate commerce and/or work for an enterprise engaged in interstate commerce without being paid for it and/or without being paid the premium for hours worked in excess of forty (40) per week.

37.

For at least three (3) years, Defendants have been aware of the requirements of the FLSA, the Department of Labor's regulations, and its own violations of the FLSA. Despite this knowledge, Defendant failed to pay Plaintiff the amount of pay as required by law.

38.

As a result of the Defendants' violation of the FLSA, Plaintiff has suffered damages by failing to receive compensation due in accordance with the FLSA.

39.

Plaintiff is entitled to the amount of unpaid wages and are also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment interest.

40.

Defendant has not made a good faith effort to comply with the FLSA.

41.

Plaintiff is entitled to an award of attorneys' fees under the FLSA.

42.

Plaintiff has no plain, adequate or complete remedy to redress the allegation contained herein and this suit for lost wages, back-pay, and declaratory judgment and injunctive relief is the only avenue to secure adequate relief.

**IV.    COUNT ONE:   VIOLATIONS OF THE FLSA - FAILURE TO PAY OVERTIME**

43.

Plaintiff incorporates by reference paragraphs 1 – 42 as if full set forth herein.

44.

The Defendants have willfully failed to compensate Plaintiff for overtime hours worked during her employment at the premium rate.

45.

Defendants, by such failure, have willfully violated the minimum wage provisions of the FLSA.

46.

Defendants have failed to keep adequate records of all time worked by the Plaintiff.

47.

Defendants, by such failure, have willfully violated the overtime provisions of the FLSA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A.    Payment of all wages Plaintiff should have received under the FLSA, but for Defendants' willful violation;

B.    Payment of an equal amount of liquidated damages and interest pursuant to the FLSA;

C.    Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which she may be entitled; and

D.    All reasonable costs and attorneys' fees pursuant to the FLSA.

## V.    COUNT THREE:   RETALIATION PURSUANT TO 29 U.S.C. 215 (2013).

48.

Plaintiff incorporate by reference paragraphs 1 – 47 as if fully set forth herein.

49.

During the course of her employment with Defendants, Plaintiff made numerous oral complaints to the Defendants regarding her rights pursuant to the FLSA.

50.

Oral complaints to an employer constitute protected active pursuant to the FLSA.

51.

Within a short proximity of time, the same day, to Plaintiff engaging in protected activity, Plaintiff was subjected to retaliation including, but not limited to her termination.

52.

Pursuant to 29 U.S.C. §215(a)(3), Defendants are prohibited from discriminating against Plaintiff for engaging in protective activity pursuant to the FLSA.

53.

Plaintiff has suffered and continues to suffer grave and sever mental anguish and emotional distress, actual damages to her financial welfare, her employment prospects, and damage to her reputation in the community in which she lives and works.

**WHEREFORE** Plaintiff prays for the following relief:

A.     Actual damages, including reimbursement for lost wages;
B.     Future wages for loss of income;
C.     Prejudgment and Post Judgment interests;
D.     Liquidated damages pursuant to 29 U.S.C. 216 (b);
E.     Compensatory damages including mental anguish and emotional distress;

F.    Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

Respectfully submitted, this 21ˢᵗ day of October, 2013.

*Attorneys for Plaintiff*

**THE VAUGHN LAW FIRM, LLC**

/s/ Christopher D. Vaughn
Christopher D. Vaughn, Esq.
Georgia Bar No. 726226
A. Brian Henson, Esq.
Georgia Bar No. 747269

246 Sycamore Street Suite 150
Decatur, Georgia 30030
phone: 404-378-1290
facsimile: 404-378-1295

**DEMELFI LAW GROUP, LLC**

/s/ Frank DeMelfi
Frank DeMelfi, Esq.
Georgia Bar No. 320128

4651 Woodstock Road
Suite 208-103
Roswell, Georgia 30075
Telephone:  (678) 948-7808
Facsimile:  (866) 674-7808
Email:        fdemelfi@gmail.com